UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-cv-21916-KING

LAWRENCE FERK, an individual,

    Plaintiff,
v.

A. JOE MITCHELL, JR., an individual,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant A. Joe Mitchell, Jr.'s ("Mitchell") Motion to Dismiss and Incorporated Memorandum of Law (DE #11). Therein, Defendant seeks the dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of Counts I, II, III, and IV of Plaintiff's five-count Complaint (DE #1).[1] This matter is fully briefed,[2] and as discussed in further detail below, the Court finds that Defendant's Motion should be granted in part as to Counts II and III, and denied as to the remaining counts, and this case should proceed on Counts I, IV, and V.

Plaintiff's Complaint brings five counts against Defendant Mitchell for his alleged failure to make any payments in satisfaction of a loan Plaintiff made to Mitchell: Breach of Contract (Count I); Promissory Estoppel (Count II); Unjust Enrichment (Count III); Account

---

[1] Defendant has not moved to dismiss or otherwise responded to Count V of Plaintiff's Complaint, electing instead to wait until the Court rules on the instant Motion to Dismiss. *See Beaulieu v. Bd. Of Trustees of Univ. of West Florida*, Case No. 3:07-cv-30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss.")

[2] Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss (DE #15), and Defendant filed its Reply in Support of its Motion to Dismiss (DE #18).

Stated (Count IV); and Money Lent (Count V). Plaintiff alleges that he loaned Mitchell $125,000 in January of 2012 (the "Loan Agreement"), and according to the terms of the Loan Agreement (reflected in a Promissory Note appended to the Complaint at DE #1-4), Mitchell was to repay Plaintiff at a rate of eight percent (8%) per annum from January 2012 through and including the Maturity Date of February 12, 2015. Mitchell was further obligated to make monthly interest payments to Plaintiff in the amount of $833.33. Plaintiff alleges that Mitchell has failed to make any of the payments contemplated by the Loan Agreement, that Mitchell admitted in a sworn statement appended to the Complaint that he is indebted to Plaintiff, that Plaintiff made demand of Mitchell that he comply with the Loan Agreement and commence repayment in accordance with its terms lest he face legal action, and that Mitchell still refuses to make any payments to Plaintiff in satisfaction of the loan.

Mitchell moves to dismiss Counts I–IV of the Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## I. Legal Standard

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2010) and *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show entitlement to relief and must plead "more than labels and conclusions. . . . A formulaic recitation of the elements of a cause of action will not do." *Id.* "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may also consult documents that are attached to the Complaint or motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has defined the incorporation by reference doctrine to mean:

> [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. . . . "Undisputed" in this context means that the authenticity of the document is not challenged.

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted); see also *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

## II. Discussion

### a. Claims for Equitable Relief

Plaintiff alleges in Counts II and III of his Complaint causes of action for Promissory Estoppel and Unjust Enrichment, respectively, arising from Mitchell's alleged failure to repay Plaintiff as agreed. Defendant argues in his Motion to Dismiss that these claims for equitable relief are but "thinly disguised claims for breach of contract," and because these Counts fail to claim damages distinct from the damages resulting from the breach of contract alleged in Count I, they must fail.

Under Florida law, equitable remedies are not available where there is an adequate legal remedy, *i.e.*, where an express contract exists and its breach can be prosecuted in an action at law. See *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987). However, a party is entitled to

3

plead alternative theories of recovery, Fed. R. Civ. P. 8(d)(2), and a plaintiff may simultaneously allege the existence of a contract and seek equitable relief when a defendant "denies the existence of an express contract." *ThunderWave, Inc. v. Carnival Corp.*, 954 F.Supp 1562, 1566 (S.D. Fla. 1997). Conversely, though, if a defendant admits to the existence of an express contract, pleading in the alternative for equitable relief must fail. *Cf. id.* (finding "that *because Defendant denies* the existence of an express contract, the Plaintiff has properly presented" claims for equitable relief).

As affirmatively admitted by Defendant in his Reply in Support of his Motion to Dismiss, "Mitchell does not dispute that the parties entered into an express agreement under which [Plaintiff] loaned Mitchell funds." DE #18 at 6. Defendant's admission that the express agreement exists as between the parties defeats Plaintiff's equitable claims. Accordingly, Counts II and III of Plaintiff's complaint fail.

### b. Breach of Contract

Count I of Plaintiff's Complaint alleges that Defendant has materially breached the Loan Agreement by failing to make any principal or interest payments. To state a cause of action for breach of contract under Florida law, a Plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla 2d DCA 2007). Plaintiff alleges that he and Defendant entered into a Loan Agreement whereby Plaintiff would loan Defendant $125,000, and Defendant would repay that loan. Plaintiff alleges that he has fully performed his end of the agreement, *i.e.*, he made the loan. Plaintiff further alleges that Defendant, in sworn testimony—a transcript of which is appended to the Complaint, *see* DE #1-3—admitted to being indebted to Plaintiff. The Complaint alleges further that Defendant has not made any payments in satisfaction of this loan, and that Defendant is therefore in breach of the Loan Agreement, which breach has resulted in damages to Plaintiff.

In his Motion to Dismiss, Defendant argues that Plaintiff has not alleged, and cannot prove any facts that would establish, a valid and enforceable contract. As discussed immediately above however, in a successful effort to defeat Plaintiff's equitable claims, Defendant has affirmatively taken the position in this litigation that an express agreement does in fact exist as between himself and Plaintiff. To the extent Defendant argues that there has been no "meeting of the minds" with respect to the agreement, that dispute, and therefore the focus of this case, is as to the terms of the express agreement which he admits exists between the parties, not its existence. Defendant's claim that Plaintiff cannot prove any facts which would establish this agreement is therefore directly undercut by his own admission.

Finally, Defendant argues that because the Promissory Note is unsigned, and because by the terms of the agreement performance by both sides could not be completed within one year of its making (*i.e.*, the repayment period extended from January 2012 to February 2015), Plaintiff's claim is barred by the Statue of Frauds. Florida's Statue of Frauds provides, in relevant part:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith.

Fla. Stat. § 725.01. The Florida Supreme Court long ago opined that purpose of Statues of Frauds is said to be to protect against actions for breach of oral contract "based on nothing more than loose verbal statements or mere innuendos." *See Yates v. Ball*, 181 So. 341, 344 (Fla. 1937). Although Defendant in making his argument that Plaintiff's claim is barred by the Statute of Frauds did in fact call *Yates* and this very page just cited to the Court's attention, *see* Motion to Dismiss, DE #11 at 6, Defendant's Motion overlooks a portion of that opinion on its very next page which eviscerates his argument on this point. "The statute of frauds applies only to contracts not to be performed on either side within the year, and has no application to contracts which by intent were fully performed within the year on one side." *Id.* at 345. As in *Yates*, "the

plaintiff having performed the contract on his part within the year" by making the $125,000 Loan to Mitchell, "the defendant cannot avail himself of the statute of frauds." *Id.* Accordingly, the Court finds unavailing Defendant's arguments for dismissal of Count I, and finds that Plaintiff has adequately alleged his breach of contract claim.

### c. Account Stated

Plaintiff alleges in Count IV of his Complaint a claim for Account Stated. In order to state a claim for Account Stated, a Plaintiff must allege that there is "an agreement that a certain balance is correct and due, and an express or implicit promise to pay this balance." *Law Offices of David J. Stern, P.A. v. Bank of America Corp.*, Case No. 11-cv-21349-MORENO, 2012 WL 112935 *4 (S.D. Fla. Jan. 12, 2012). Defendant argues that Plaintiff has failed to allege a meeting of the minds with respect to the amount due and owing, or the existence of an account. Defendant further argues that allegations relating to Defendant's failure to respond to the demand letter are insufficient on their own to support a claim for account stated. *See* Defendant's Motion to Dismiss, DE #11 at 10 (citing *Page Avjet Corp. v. Cosgrove Aircraft Service, Inc.*, 546 So. 2d 16, 18 (Fla. 3d DCA 1989) for that proposition that "in an action for account stated, failure to respond to a demand, without more, would not establish liability")). The Court disagrees.

At this stage of the proceedings, and taking the allegations in Plaintiff's Complaint as true, as it must on a motion to dismiss, the Court finds that Plaintiff has sufficiently alleged a claim for account stated. According to Plaintiff, Defendant acknowledged his indebtedness to Plaintiff in his sworn interview, a copy of which is appended to the Complaint. Further, Defendant's failure to respond to the demand letter, also appended to the Complaint, which sets forth in detail the amounts allegedly due and owing and the terms of the agreement to repay in this instance is sufficient to state a claim. Though not sufficient standing alone, *see Page*, the Court finds that Defendant's failure to respond to the demand when coupled with Defendant's

admission that he is indebted to Plaintiff (and indeed now admits that an express agreement exists), is sufficient to state a claim for account stated.

### III. Conclusion

The Court finds that Plaintiff's Complaint does state a claim for Breach of Contract and for Account Stated, and Defendant has not moved to dismiss the claim for Money Lent. Defendant's statement that he does not dispute that the parties entered into the express agreement at issue in this case does however foreclose Plaintiff's claims for equitable relief in his counts for Promissory Estoppel and Unjust Enrichment.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant's Motion to Dismiss **(DE #11)** be, and the same hereby is **GRANTED in part and DENIED in part**.

2. Plaintiff's claims for equitable relief—Count II for Promissory Estoppel, and Count III for Unjust Enrichment—are hereby **DISMISSED** with prejudice.

3. Defendant shall file his Answer to all remaining counts—Count I for breach of Contract, Count IV for Account Stated, and Count V for Money Lent—within 14 days of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 29th day of December, 2014.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**