UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-21916-KING

LAWRENCE FERK,

    Plaintiff,

vs.

A. JOE MITCHELL, JR.,

    Defendant.
_____/

### ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (DE 26). It must be denied: What we have here are genuine issues of material fact. Lawrence Ferk, the plaintiff, lent $125,000.00 to A. Joe Mitchell, the defendant, in January 2012. In a letter to Mitchell dated March 25, 2013, Ferk's counsel demanded that he pay back the loan amount (plus interest).

On this much the parties agree, but on not much else. In his motion, Ferk relies on a promissory note to show his right of repayment and the terms of repayment. *See* DE 27, at ¶¶ 2–4. In his reply, however, he disclaims any reliance on the promissory note (for summary judgment purposes), as he must, because Mitchell points out in his opposition that he didn't sign the promissory note; and he disputes that he is bound by its terms.

Mitchell claims that his repayment of the loan amount is contingent on his selling a parcel of real property in Texas—which he hasn't done yet. Ferk disagrees that there is any such contingency. Ferk further argues that such a contingency would be barred by Florida's statute of frauds, but he cites no authority supporting his contention that the alleged

contingency somehow transforms the loan agreement into a "contract for the sale of lands, tenements or hereditaments, or [for the sale] of any uncertain interest in or concerning them." Fla. Stat. § 725.01. Ferk's argument concerning Florida's lender statute of frauds also fails: "It is clear that this statute does not apply to affirmative defenses." *Pavolini v. Williams*, 915 So. 2d 251, 254 (Fla. 5th DCA 2005).

Even if Ferk is right, that the loan agreement is not contingent upon Mitchell's selling a parcel of real property in Texas, then what *are* the terms of the loan agreement? If repayment is not dictated by the terms of the promissory note (which Ferk is forced to disclaim for summary judgment purposes), and is not contingent on Mitchell's selling real property in Texas (which Ferk genuinely disputes), when *does* Mitchell have to pay the money back? Right now, because Ferk demands it? Under what *terms*? Ferk doesn't say.

The parties' loan agreement "is subject to the basic requirements of contract law such as offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). The "essential terms" of a contract are therefore a "material fact" in an action to enforce the contract. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is "material" if it "might affect the outcome of the suit under the governing law"). Ferk is not entitled to summary judgment on his claim against Mitchell for breach of contract because his claimed right to enforce the contract is predicated on essential terms over which the parties have a genuine dispute.

For the very same reasons, Ferk's motion for summary judgment on his claim for "money lent" must be denied. To achieve summary judgment on that claim, he would have to "establish that money is due." *Bannoura v. Bannoura*, 655 So. 2d 1187, 1188 (Fla. 4th DCA 1995); *Paladin Shipping Co. v. Star Capital Fund, LLC*, No. 10-21612-CIV, 2010 WL

3419397, at *2 (S.D. Fla. Aug. 27, 2010) (same). The parties genuinely dispute this material fact.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Partial Summary Judgment **(DE 26)** be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of August, 2015.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record